IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHARLES FREEMAN CHRISTIAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-351 (MTT) |
| **CHARLES HOLT,** *et. al*, | ) |
| **Defendants.** | ) |

### ORDER

This matter is before the Court on the Plaintiff's Motion to Appoint Counsel. (Doc. 64). The Plaintiff injured his left leg and claims prison personnel failed to treat his injury. The Plaintiff also alleges Defendant Janet Willis[1] took an X-ray of his leg and Defendant Major Charles Holt ignored requests to see his medical records.

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

---

[1] Although Janet Willis is named as a defendant in the Complaint, she has not been served, and thus she is not a party to this action.

-2-

Here, the Plaintiff asserts that he should be appointed counsel because he is "not being taken serious[ly]" as a pro se plaintiff.  (Doc. 64, at 1).  Even assuming the Plaintiff's claims have merit, appointment of counsel is unwarranted because the claims are neither factually nor legally complex.  See Wahl, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel).  Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Motion is **DENIED**.

**SO ORDERED**, this the 6th day of January, 2012.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT