IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES FREEMAN CHRISTIAN, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:09-CV-351 (MTT) |
| CHARLES HOLT, *et al.*, | : | |
| Defendants. | : | Proceeding Under 42 U.S.C. § 1983 |
| _____ | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is Defendant Charles Holt's Motion for Summary Judgment or in the Alternative, Motion to Dismiss. Doc. 72. Because Plaintiff Charles Freeman Christian has failed to show that there are genuine issues of material fact, and because Defendant Holt is entitled to judgment as a matter of law, it is hereby **RECOMMENDED** that Defendant Holt's Motion for Summary Judgment be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

On October 5, 2009, Plaintiff Charles Freeman Christian, a *pro se* prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 against Defendants Charles Holt and Nurse Janet Willis alleging deliberate indifference to his serious medical needs. Plaintiff alleges that Defendant Willis failed to treat Plaintiff's broken shin and that Defendant Holt refused to allow Plaintiff view his medical records.

Construed in a light most favorable to Plaintiff, the facts of this case are as follows: In January or February 2007, Plaintiff injured his left leg on a dayroom table while incarcerated at the Houston County Jail (HCJ). Pl.'s Compl. (Doc. 1). Plaintiff noticed a bump on his left shin and began to experience pain in his leg. Id. Plaintiff then began to send medical request forms

1

requesting that an x-ray be taken of his leg. Id. After numerous requests went unanswered, a nurse informed Plaintiff that the bump on his shin was likely caused by calcium deposits. Id.

In late February 2007, Plaintiff was seen by Defendant Willis. Defendant Willis informed Plaintiff that she was performing an x-ray of his shin. Id. In the months following the examination by Defendant Willis, Plaintiff never received the results of the x-ray. Id. Plaintiff continued to experience pain in his shin and received ibuprofen for his pain. Id.

Plaintiff sent numerous requests to the medical department, to his grievance coordinator, and to Defendant Holt for the results of the x-ray. Id. On December 3, 2007, Plaintiff received an unsigned response to a medical request stating that his x-ray was negative. Doc. 1-1. Plaintiff continued to send requests for a copy of the x-ray and/or the results of the x-ray. Pl.'s Compl. (Doc. 1); Doc. 1-1. On December 17, 2007, Defendant Holt informed Plaintiff that Plaintiff's records were the jail's property and that Plaintiff would be responsible for all costs to receive a copy. Doc. 1-1.

Following a transfer to Walker State Prison, in early 2009, Plaintiff was examined by Dr. Paul Ballinger. Radiologist Report (Doc. 75). Dr. Ballinger reported that Plaintiff had an old healed fracture of the proximal left fibula, also known as the shin. Id. Dr. Ballinger also reported that Plaintiff had a mild deformity of the proximal fibula, which was likely related to old trauma. Id.

When Plaintiff returned to the HCJ in June 2009, he again sent requests to Defendant Holt to view his medical file. Pl.'s Compl. (Doc. 1). On this occasion, Plaintiff attempted to obtain a copy and view of his medical file under the Georgia Open Records Act, O.C.G.A § 50-18-70. Id. On June 10, 2009, Defendant Holt informed Plaintiff that the medical records do not fall under the Open Records Act. Doc. 1-1.

Plaintiff now contends that Defendant Willis never took an x-ray of his leg in February 2007. Plaintiff was informed by an HCJ officer that it is not customary for x-rays to be taken at the HCJ and that an outside contractor performs x-rays for the HCJ. Pl.'s Resp. (Doc. 75). Plaintiff maintains that Defendant Willis was the person who allegedly performed the x-ray at the HCJ and that no outside contractor was involved. Id. In response to the instant lawsuit, Defendant Holt provided Plaintiff with a radiology report from PRI X-Ray signed by Dr. Michael Roopas and dated February 22, 2007. Doc. 31-1. The report states that "[n]onweight bearing views demonstrate normal bone mineralization with no acute bone abnormality." Id. Plaintiff alleges that the report is a falsified document prepared for the purpose of defending Plaintiff's allegations in this lawsuit.

## DISCUSSION

Plaintiff has failed to show that there are genuine issues of material fact related to his claim against Defendant Hold for deliberate indifference to serious medical needs. Because Plaintiff has failed to show that Defendant Holt was responsible for the alleged denial of medical treatment to Plaintiff, Defendant Holt is entitled to judgment as a matter of law.

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes

3

demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 47 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324-26. If the evidence presented by the nonmovant is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 332.

The evidence in the record of this case is insufficient to permit a finding that Defendant Holt was deliberately indifferent to Plaintiff's serious medical needs. There is nothing in the record that indicates that Defendant was responsible for the alleged failure of the HCJ's medical staff to adequately care for Plaintiff's injured leg. Plaintiff's claims against Defendant Holt arise from Defendant Holt's alleged failure to produce Plaintiff's medical records. Although Defendant Holt may have been required to allow Plaintiff to review his medical records, there is no evidence that Defendant Holt prevented Plaintiff from receiving medical care at the HCJ.

To create genuine issues of material fact, Plaintiff must point to evidence that Defendant Holt was deliberately indifferent to Plaintiff's medical needs. The Eighth Amendment prohibits cruel and unusual punishment, including deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Campbell, 169 F.3d at 1363. With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a

substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

It is not enough, then, to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. A prisoner cannot establish a violation simply because he "may have desired different modes of treatment" that that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and as such are not actionable.

In this case, there is insufficient evidence to create a genuine issue of material fact regarding Defendant Holt's role in Plaintiff's inability to receive medical treatment for his injured leg at the HCJ. Plaintiff alleges only that Defendant Holt failed to provide Plaintiff with his medical records. Plaintiff does not allege that Defendant Holt refused him medical treatment or prevented Plaintiff from receiving medical treatment. Moreover, Defendant Holt states that he does not have authority to make any medical decisions regarding the inmates at the HCJ. Holt's Aff., ¶ 4 (Doc. 72-3). As such, Defendant Holt did not make any medical decisions regarding Plaintiff. Id. at ¶ 5. Defendant Holt also states that any requests made to him by Plaintiff for

medical care were brought to the medical staff's attention. Id. Accordingly, there is no evidence that Defendant Holt was deliberately indifferent to Plaintiff's serious medical needs.

Any claim stemming from Defendant Holt's alleged failure to produce Plaintiff's medical records does not amount to a violation of Plaintiff's constitutional rights. There is a dispute between the parties as to whether Plaintiff requested copies of his medical records without cost, whether Plaintiff offered to pay for a copy or the records, or whether Plaintiff simply wanted to review the records without obtaining copies. The allegation that Defendant Holt did not produce the medical records, however, does not impose liability on Defendant Holt for the HCJ medical staff's alleged failure to provide Plaintiff with treatment for his injured leg. Moreover, Defendant Holt has provided Plaintiff with his complete medical file from the HCJ during the course of this litigation. See Doc. 35. Accordingly, Plaintiff's claims against Defendant Holt are not sufficient to establish a constitutional claim of deliberate indifference.

## CONCLUSION

Because the evidence in the record of this case is insufficient to permit a finding that Defendant Holt was deliberately indifferent to Plaintiff's serious medical needs, it is hereby **RECOMMENDED** that Defendant Holt's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of June, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge
