**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES FREEMAN CHRISTIAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:09-CV-351 (MTT)** |
| | : | |
| **CHARLES HOLT,** *et al.*, | : | |
| | : | **Proceeding Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant Janet Willis's Motion to Dismiss. Doc. 83. In her motion, Defendant Willis argues that Plaintiff Charles Freeman Christian failed to effectuate timely service of process upon Defendant Willis pursuant to Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE, and that the statute of limitations has since run on Plaintiff's claims. Because Plaintiff served Defendant Willis within the time allowed under Rule 4, and because service of process relates back to the date of the filing of the complaint under Georgia law, Plaintiff's claims against Defendant Willis are not barred by the statute of limitations. Accordingly, it is hereby **RECOMMENDED** that Defendant Willis's Motion to Dismiss be **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Charles Freeman Christian, a *pro se* prisoner, has filed a civil rights complaint under 42 U.S.C. § 1983 against Defendants Charles Holt and Nurse Janet Willis alleging deliberate indifference to his serious medical needs. Doc. 1. Plaintiff alleges that, in January or February 2007, Plaintiff injured his left leg on a dayroom table while incarcerated at the Houston County Jail (HCJ). Plaintiff noticed a bump on his left shin and began to experience pain in his leg. Id. Plaintiff then began to send medical request forms requesting that an x-ray be taken of

1

his leg. Id. After numerous requests went unanswered, a nurse informed Plaintiff that the bump on his shin was likely caused by calcium deposits. Id.

In late February 2007, Plaintiff was seen by Defendant Willis. Defendant Willis informed Plaintiff that she was performing an x-ray of his shin. Id. In the months following the examination by Defendant Willis, Plaintiff never received the results of the x-ray. Id. Plaintiff continued to experience pain in his shin and was only receiving ibuprofen for his pain. Id. Plaintiff sent numerous requests to the medical department, to his grievance coordinator, and to Defendant Holt for the results of the x-ray. Id. On December 3, 2007, Plaintiff received an unsigned response to a medical request stating that his x-ray was negative. Doc. 1-1. Plaintiff continued to send requests for a copy of the x-ray or for the results of the x-ray, but did not receive the x-ray results. Pl.'s Compl. (Doc. 1); Doc. 1-1.

After a transfer to Walker State Prison, in early 2009, Plaintiff was examined by Dr. Paul Ballinger. See Radiologist Report (Doc. 75). Dr. Ballinger reported that Plaintiff had an old healed fracture of his proximal left fibula; that is, of his shin. Id. Dr. Ballinger also reported that Plaintiff had a mild deformity of the proximal fibula that was likely related to old trauma. Id.

Plaintiff now contends that Defendant Willis never took an x-ray of his leg in February 2007. Plaintiff was informed by an HCJ officer that it is not customary for x-rays to be taken at the HCJ and that an outside contractor performs x-rays for the HCJ. Pl.'s Resp. (Doc. 75). Plaintiff maintains that Defendant Willis was the person who allegedly performed the x-ray at the HCJ and that no outside contractor was involved. Id. In response to the instant lawsuit, Defendant Holt provided Plaintiff with a radiology report from PRI X-Ray signed by Dr. Michael Roopas and dated February 22, 2007. Doc. 31-1. The report states that "[n]onweight bearing views demonstrate normal bone mineralization with no acute bone abnormality." Id.

2

Plaintiff alleges that the report is a falsified document prepared for the purpose of defending Plaintiff's allegations in this lawsuit.

Plaintiff filed his Complaint on October 5, 2009. Doc. 1. On October 27, 2009, following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. 1915A, the Court directed service upon Defendants Willis and Holt. Doc. 11. On November 23, 2009, a waiver of service was returned executed as to Defendant Holt. Doc. 17. After the mailed summons was not returned for Defendant Willis, a summons was issued directing personal service upon Defendant Willis on January 4, 2010. Doc. 23. On January 6, 2010, the summons was returned unexecuted as to Defendant Willis stating that Defendant Willis was no longer employed by the HCJ. Doc. 26.

On February 22, 2012, Plaintiff provided the Court with an updated address for Defendant Willis. Doc. 77. Plaintiff stated that he provided to the new address in response the Court's order dated January 6, 2012 (Doc. 70), which contained a footnote stating that Defendant Willis was no longer a defendant in this action because she was not served. On February 28, 2012, the Court again ordered service upon Defendant Willis. Doc. 79. On March 28, 2012, a waiver of service was returned executed as to Defendant Willis. Doc. 81. On April 27, 2012, Defendant Willis filed the instant Motion to Dismiss. Doc. 83.

<u>DISCUSSION</u>

Because the Court failed to give Plaintiff timely notice that service was not perfected upon Defendant Willis, Plaintiff's service upon Defendant Willis is considered timely under Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE. For the purposes of determining if Plaintiff's claims against Defendant Willis are barred by the statute of limitations, service of

process relates back to the date of the filing of Plaintiff's Complaint under Georgia law. As such, Plaintiff's claims against Defendant Willis are not barred by the statute of limitations.

Rule 4

Plaintiff has timely served Defendant Willis under Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE. Rule 4 requires the plaintiff to serve the defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). A plaintiff's failure to perfect service upon the defendant within the 120 days shall result in the dismissal of the claim against that defendant without prejudice. Id.  A court may grant the plaintiff an extension of time for service, however, if the plaintiff shows good cause for the failure to perfect service. Id.

Because Plaintiff is a *pro se* litigant proceeding *in forma pauperis*, there are additional considerations that must be taken into account regarding service of process. As a *pro se* prisoner proceeding *in forma pauperis*, Plaintiff is entitled to rely upon the United States Marshal to effect service of process. See 28 U.S.C. 1915(d) (stating that officers of the court shall issue and serve all process in cases proceeding *in forma pauperis*). Additionally, because Plaintiff's Complaint is subject to the screening provisions of 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff could not serve his Complaint upon Defendants before the Court had screened the Complaint for frivolity.

In this case, Plaintiff has shown good cause for failure to serve Defendant Willis within 120 days of the Court's screening of Plaintiff's compliant. Plaintiff states that he was not aware that Defendant Willis was not served, and thus was not a defendant in the action, until he received the Court's order dated January 6, 2012. Although the return of summons stating that Defendant Willis was not served was filed with the Court on January 6, 2010, a copy of the return of summons was not mailed to Plaintiff. A Court order dated August 6, 2010, contains a

4

footnote stating that "service upon [Defendant Willis] has not yet been perfected, [and] she is not properly before the court." Doc. 36. The August 6, 2010 Order did not contain any further explanation as to Plaintiff's responsibility regarding perfecting service upon Defendant Willis. After it was clarified to Plaintiff that Defendant Willis was no longer a party to the action in the January 6, 2012 Order, Plaintiff provided the Court with an updated address for Defendant Willis. Service was then made upon Defendant Willis on March 28, 2012. Because Plaintiff has shown good cause for his failure to serve Defendant Willis within 120 days based on the Court's failure to keep him informed as to the status of the service of process upon Defendant Willis, Plaintiff has timely served Defendant Willis pursuant to Rule 4.

<u>Statute of Limitations</u>

The statute of limitations for a 42 U.S.C. § 1983 claim arising out of events in Georgia is two years. <u>Rozar v. Mullis</u>, 85 f.3d 556, 561 (11th Cir. 1996). In Section 1983 cases, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regards for his rights." <u>McNair v. Allen</u>, 515 F.3d 1168, 1173 (11th Cir. 2008).

In this case, the statute of limitations on Plaintiff's claims against Defendant Willis began to run on February 18, 2009. A cause of action under Section 1983 does not accrue until a plaintiff knows or should know (1) that he has suffered the injury that forms the basis of his complaint and (2) who has inflicted the injury. <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003). Plaintiff learned of his injury on February 18, 2009, when Plaintiff was examined by Dr. Paul Ballinger at Walker State Prison and was informed that he suffered from a small joint effusion due to an old healed fracture of his proximal left fibula. Radiologist Report (Doc. 75). The fracture of the left fibula is the shin injury that Plaintiff alleges that Defendant Willis refused

to treat while Plaintiff was incarcerated at the HCJ. Because Plaintiff was not made aware that his leg was in fact broken until he was seen by Dr. Ballinger, the two-year statute of limitations did not begin to run until February 18, 2009.

Although Plaintiff did not serve Defendant Willis before the expiration of the two-year statute of limitations, service relates back to the date of the filing of the complaint under Georgia law so long as the defendant is timely served. Under Georgia law, if service is timely perfected the statute of limitations will relate back to the date the complaint was filed. Morris v. Haren, 52 F.3d 947, 949 (11th Cir. 1995) (citing Cambridge Mutual Fire Insurance Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983)). If service is perfected after the statute of limitations has run and the time for service has passed, the service will relate back to the date of the filing of the complaint if the plaintiff diligently attempted to perfect service. Id.

In this case, Plaintiff filed his Complaint within the two-year statute of limitations and the Court's service upon Defendant Willis should relate back to the date of the filing of Plaintiff's Complaint. Although service upon Defendant Willis was not perfected until after the statute of limitations had run and the time for service had passed, Plaintiff is deemed to have made timely service upon Defendant Willis based on the Court's failure to adequately inform Plaintiff of his responsibility to provide a current address for Defendant Willis after her summons was returned unexecuted, as discussed above. Once Plaintiff was informed that Defendant Willis was not yet a party to the action, Plaintiff promptly notified the Court of Defendant Willis's updated address and process was perfected. Accordingly, service upon Defendant Willis relates back to the date of the filing of Plaintiff's Complaint, and Plaintiff's claims against Defendant Willis are not barred by the statute of limitations.

<u>**CONCLUSION**</u>

For the reasons stated above, it is hereby **RECOMMENDED** that Defendant Willis's Motion for to Dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of June, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge