IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHARLES FREEMAN CHRISTIAN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHARLES HOLT,** *et al.,* )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION NO. 5:09-CV-351 (MTT)** |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle (Doc. 89) on Defendant Janet Willis's Motion to Dismiss (Doc. 83). The Defendant has not objected to the Recommendation. Although some clarification of the Recommendation is required, the ultimate conclusion reached in the Recommendation remains the same. The Recommendation is adopted, and Defendant Willis's Motion to Dismiss is **DENIED**.

Defendant Willis contends that the Plaintiff's claims against her should be dismissed for failure to timely effectuate service of process because Plaintiff did not serve her within 120 days of filing the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Recommendation concludes that the Plaintiff has timely served Defendant Willis pursuant to Rule 4 because he has shown good cause for failure to serve her within the 120-day period. The Plaintiff was not mailed a copy of the return of summons stating that Defendant had not been served and was not made aware of this

fact until the Court's Order dated January 6, 2012.[1]  The Recommendation's reasoning with regard to Rule 4 is adopted in its entirety.

However, the Recommendation also concludes that the Plaintiff's claims against Defendant Willis are not barred by the statute of limitations because the service of process relates back to the date of filing of the Plaintiff's Complaint under Georgia law. Although Section 1983 actions borrow the state statute of limitations, the state rule regarding service of process does not apply when the plaintiff is proceeding in federal court solely on a federal-question claim.  *Tillman v. Georgia*, 466 F. Supp. 2d 1311, 1314, 1316 (S.D. Ga. 2006).  The Plaintiff here is proceeding solely on federal-question claims.  Thus, Rule 4 of the Federal Rules of Civil Procedure is controlling as to whether the Plaintiff timely served Defendant Willis.

For the reasons set forth above, Defendant Willis's Motion to Dismiss (Doc. 83) is **DENIED.**

**SO ORDERED,** this 11th day of September, 2012.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

---

[1] The Magistrate Judge is correct in stating that there are additional considerations for pro se litigants proceeding in forma pauperis and that these litigants are entitled to rely on the United States Marshal to effect service of process.  "[T]he failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)."  *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1288 (11th Cir. 2009).