**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES FREEMAN CHRISTIAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:09-CV-351 (MTT)** |
| | : | |
| **JANET WILLIS,** | : | |
| | : | **Proceeding Under 42 U.S.C. § 1983** |
| **Defendant.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## <u>RECOMMENDATION AND ORDER</u>

Before the Court are Defendant Janet Willis' Motion to Dismiss (Doc. 106) and Motion to Stay Discovery (Doc. 108). Defendant Willis' Motion to Dismiss alleges that Plaintiff Charles Freeman Christian failed to file his Complaint within the applicable statute of limitations. The Court has already denied (Doc. 96) Willis' prior Motion to Dismiss (Doc. 83) alleging that Plaintiff failed to effectuate timely service and that the statute of limitations had since run on Plaintiff's claims. Although Willis again seeks dismissal based on a statute of limitations defense, the more recent Motion to Dismiss alleges that Plaintiff's claims accrued on an earlier date than Willis conceded in her previous Motion to Dismiss.

The accrual date applied in the Court's Order on the first Motion to Dismiss is the correct accrual date. Because Plaintiff was not informed of the extent of the leg injury giving rise to his claims that Defendant Willis was deliberately indifferent to his serious medical needs until February 18, 2009, Plaintiff's claims are not barred by the statute of limitations. Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED**. In view of the Recommendation, it is further **ORDERED** that Defendant's Motion to Stay Discovery is **DENIED**.

1

<u>BACKGROUND</u>

On October 5, 2009, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Charles Holt[1] and Nurse Janet Willis were deliberately indifferent to his serious medical needs. Doc. 1. Plaintiff's claims stem from the medical treatment that he received in response to a leg injury suffered at the Houston County Jail (HCJ) in January or February of 2007. <u>Id.</u> Plaintiff's claims against Defendant Willis relate to an x-ray that may or may not have been performed on Plaintiff's leg by Willis in February 2007. <u>Id.</u> Following numerous complaints of pain in his leg and requests for an x-ray, Willis informed Plaintiff that she was performing an x-ray of his leg in late February of 2007. <u>Id.</u> Following a lengthy delay in receiving his x-ray results, Plaintiff was informed that the x-ray was negative and that his leg was not broken. <u>Id.</u> Although Plaintiff complained of continuing pain, Plaintiff did not receive medical treatment consistent with a broken leg. <u>Id.</u>

While incarcerated at Walker State Prison in early 2009, Plaintiff was examined by Dr. Paul Ballinger. Radiologist Report (Doc. 75). Dr. Ballinger reported that Plaintiff had an old healed fracture of the proximal left fibula, also known as the shin. <u>Id.</u> Dr. Ballinger also reported that Plaintiff had a mild deformity of the proximal fibula, which was likely related to old trauma. <u>Id.</u>

Plaintiff contends that Willis did not actually perform an x-ray of his leg in February 2007, but only pretended to perform an x-ray, using a defunct machine. Plaintiff claims he was informed by an HCJ officer that it is not customary for x-rays to be taken at the HCJ and that an outside contractor performs x-rays for the HCJ. Pl.'s Resp. (Doc. 75). Plaintiff maintains that Willis was the person who allegedly performed the x-ray at the HCJ and that no outside

---

[1] Following the granting of his Motion for Summary Judgment, Defendant Holt was dismissed from the case on September 19, 2012. Doc. 96.

contractor was involved. Id. Plaintiff alleges that Willis' actions surrounding the alleged x-ray and the inadequate medical treatment for his broken leg constitute deliberate indifference to his serious medical needs. Id.

Following issues regarding service of process upon Willis, Willis returned an executed waiver of service on March 28, 2012. Doc. 81. On April 27, 2012, Willis filed a Motion to Dismiss alleging that Plaintiff failed to effectuate service of process within the time required by Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE and that the statute of limitations has since run on Plaintiff's claims. Doc. 83. Because Plaintiff showed good cause for failure to serve Willis within 120 days based on the Court's failure to inform him of the status of the service of process, the Court determined that service on Willis was consistent with Rule 4. Doc. 96. The Court also determined that because Plaintiff is proceeding in federal court solely on a federal-question claim, Rule 4 is controlling as to whether Plaintiff's service was timely. Id. As such, the Court denied Defendant's Motion to Dismiss on September 11, 2012. Id.

On September 24, 2012, Defendant Willis filed her Answer. Doc. 24. On October 2, 2012, the Court issued a Discovery Order requiring that discovery be complete within ninety days and that dispositive motions be filed within thirty days after the close of discovery. Doc. 100. Sixty days into the ninety-day discovery period, on December 3, 2012, Willis filed her second Motion to Dismiss (Doc. 106) and contemporaneously filed a Motion to Stay Discovery (Doc. 108). Because it is apparent that Plaintiff's claims against Willis are not barred by the statute of limitations, the Court has not ordered Plaintiff to respond to the instant motions.

<u>DISCUSSION</u>

Defendant Willis' Motion to Dismiss alleges that Plaintiff failed to file his Complaint within the statute of limitations. Willis contends that Plaintiff's claims accrued when Plaintiff

became aware that he had not received the requested medical care and medical records after he was injured in February 2007. Willis alleges that Plaintiff's claims must be dismissed because Plaintiff did not file his Complaint until October 5, 2009, over two years and seven months after the date on which his claims accrued. The Court, however, has already determined that Plaintiff's claims accrued on February 18, 2009, the date that Plaintiff was informed by Dr. Ballinger at Walker State Prison that he had in fact suffered a fractured leg. Doc. 89. Because Plaintiff filed his Complaint within two years of the date that his claims against Willis accrued, Plaintiff's claims are not barred by the statute of limitations. Accordingly, Defendant's motion is without merit.

The state statute of limitations period for personal injury actions applies to claims brought pursuant to 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 277 (1985); Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). As such, Georgia's two-year personal injury limitations period applies to a Section 1983 action in a Georgia district court. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987); see O.C.G.A. § 9-3-33.

The statute of limitations begins to run on the date that the cause of action accrues. Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). Although the limitations period is borrowed from state law, federal law controls when a cause of action under Section 1983 accrues. See Kelley, 87 F.3d at 1238-39; Mullinax, 817 F.2d at 716. Under federal law, a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury forming the basis of his complaint, and (2) who caused that injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Accordingly, the statute of limitations begins to run when "the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-61 (11th Cir. 1996) (quoting Mullinax, 817

4

F.2d at 716). Stated another way, "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007) (internal quotations omitted).

Plaintiff could not have effectively stated a deliberate indifference claim at the time Willis now alleges that his claims accrued.[2] To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11th Cir. 1999). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999). A prisoner cannot establish a violation simply because he "may have desired different modes of treatment" that that which was provided to him. <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1576 (11th Cir. 1985).

In this case, Plaintiff could not have stated a deliberate indifference claim against Willis until he was aware of his objectively serious medical need and Willis' disregard for that need. Although Plaintiff was aware in February 2007 that he suffered a leg injury and that Willis was not providing him with the type of medical treatment that he desired, mere knowledge that Plaintiff experienced pain in his leg and that Willis was not providing the type of medical treatment requested would not support a claim of deliberate indifference. After Plaintiff was

---

[2] In her first Motion to Dismiss, Willis conceded that "[a]t the latest, Plaintiff learned that his leg was allegedly broken in February 2009…The two year statute of limitations would have [therefore] expired in February 2011…." Doc. 83-1 at 4.

informed by Dr. Ballinger that his leg had been fractured, however, Plaintiff had knowledge that he had suffered an objectively serious medical need and that Willis had potentially acted with deliberate indifference by disregarding that serious medical need. Plaintiff's claims against Willis thus accrued on February 18, 2009, the date he learned that his leg had actually been fractured. Because Plaintiff filed his Complaint within two years of the date that his claims accrued, Plaintiff's claims are not barred by the statute of limitations.

<u>CONCLUSION</u>

Because Plaintiff filed his Complaint within the applicable two-year statute of limitations, it is RECOMMENDED that Defendant Willis' Motion to Dismiss be **DENIED**. In view of the Recommendation to deny the Motion to Dismiss, it is further **ORDERED** that Defendant Willis' Motion to Stay Discovery is **DENIED**.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 5th day of December, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge