**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES FREEMAN CHRISTIAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:09-CV-351 (MTT)** |
| | ) | |
| **CHARLES HOLT, *et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Recommendation of United States
Magistrate Judge Charles H. Weigle (Doc. 109) on Defendant Janet Willis's Motion to
Dismiss (Doc. 106). The Defendant has filed an Objection to the Recommendation
(Doc. 111), and the Plaintiff has responded to the Defendant's Objection (Doc. 112).
Although some clarification of the Recommendation is required, the ultimate conclusion
reached in the Recommendation remains the same. The Recommendation is adopted,
and the Defendant's Motion to Dismiss is **DENIED.**

In her Motion, the Defendant argues that the Plaintiff's claim is time-barred
because his claim accrued when he first became aware that he had not received the
medical care and records he requested in February 2007. At that time, the Plaintiff was
a prisoner at Houston County Jail. Because the Plaintiff filed his Complaint on October
5, 2009, and the statute of limitations for § 1983 claims arising in Georgia is two years,
the Defendant concludes that the Plaintiff's claim should be dismissed. The Magistrate
Judge found in his Recommendation that the Defendant conceded in her first Motion to
Dismiss (Doc. 83) that the claim accrued in February 2009. Although the Plaintiff was

aware "that he suffered a leg injury and that [the Defendant] was not providing him with the type of medical treatment that he desired" in February 2007, the Recommendation also finds that the Plaintiff did not learn that he had an "objectively serious medical need" until February 18, 2009, and therefore, could not have brought a deliberate indifference claim until that time.  (Doc. 109 at 5).

In her Objection, the Defendant denies that she conceded that the accrual date was in February 2009 in her first Motion.  The Defendant also argues that the appropriate accrual date is February 2007 because, accepting as true the Plaintiff's allegations that he was in "the worst pain he had ever experienced" and he had "a noticeable protrusion on his lower left leg" in February 2007, even "a lay person would easily recognize the necessity of a doctor's attention."[1]  (Doc. 111 at 4).

The Plaintiff asserts in his response to the Defendant's Objection that, pursuant to O.C.G.A. § 9-3-97.1, the statute of limitations was tolled until August 2010 when he received his medical file.  While "[t]olling of the limitations period in a § 1983 action is generally determined by reference to state law,"[2] the Georgia statute cited by the Plaintiff applies only to medical malpractice actions and not to his § 1983 claim for deliberate indifference.

Based on the Plaintiff's allegations, the Defendant is correct in stating that the Plaintiff was aware of his serious medical need and that the Defendant was responsible

---

[1] The Defendant cites *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003), to show that the Plaintiff should have been aware of his "objectively serious medical condition" in February 2007 because a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment *or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention*."  *Id.* at 1243 (emphasis added) (internal quotation marks and citation omitted).

[2] *Thompson v. Corr. Corp. of Am.*, 485 Fed. Appx. 345, at *2 (11th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007)).

for his alleged inadequate care as of February 2007.  However, the Plaintiff also alleges that he suffered from persistent pain, and he continued to request medical treatment throughout the time he remained at Houston County Jail due to the Defendant's alleged failure to give him medical treatment consistent with a broken leg.  (Doc. 1 at 4).  He alleges that he only received medical attention for this injury after he was transferred from Houston County Jail on December 11, 2008.  Although accrual generally "occurs when the prisoner knows or should know that he has suffered the injury that forms the basis of his complaint and can identify the person who inflicted the injury," the continuing violation doctrine, sometimes called the continuing tort doctrine, allows a prisoner to bring an otherwise time-barred claim when he alleges a continuing "failure to provide needed and requested medical attention."  *Baker v. Sanford*, 484 Fed. Appx. 291, 293 (11th Cir. 2012) (internal citations omitted) ("The critical distinction in the continuing violation analysis is whether the prisoner complains 'of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.'").[3]

Therefore, based on the Plaintiff's allegations, his claim did not accrue until December 11, 2008, when he was transferred from the Houston County Jail.[4]  *See Fisher v. City of Montgomery*, 2011 WL 671521, at *7 (M.D. Ala.) (internal citations omitted) ("When the violation alleged involved continuing injury, the cause of action accrues, and the limitation period begins to run at the time the unlawful conduct

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

[4] The record does not reveal whether the Defendant's responsibilities as head nurse ended prior to the Plaintiff's transfer from Houston County Jail.  If the Defendant had left her position prior to the Plaintiff's transfer, then that fact may have some bearing on the accrual date of his claim.

ceases.").  Accordingly, the Plaintiff's claim is not time-barred because the Plaintiff filed his claim within the statute of limitations.

For the reasons set forth above, the Defendant's Motion to Dismiss (Doc. 106) is **DENIED.**

**SO ORDERED,** this 10th day of January, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT