IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES FREEMAN CHRISTIAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-351 (MTT) |
| JANET WILLIS, | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the Plaintiff's Motion to Appoint Counsel. (Doc. 124). Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Plaintiff asserts that he should be appointed counsel because he is concerned that he will not be able to adequately prepare his case, and he believes that an attorney would allow him to more thoroughly investigate the Houston County Jail's and Major Holt's involvement in his alleged constitutional violations. However, the

Houston County Jail and Major Holt have been previously dismissed as parties to this action.  Further, the fact that an attorney may be able to better prepare for this case than the Plaintiff is not an exceptional circumstance warranting the appointment of counsel.  Accordingly, the Plaintiff's Motion is **DENIED**.

The Plaintiff has also filed a Response (Doc. 123) to the Defendant's Motion for Leave to File Motion for Summary Judgment (Doc. 117).  The Plaintiff requests a default judgment because the Defendant missed the deadline to file dispositive motions.  An entry of default judgment on that ground is inappropriate.  While the Court declines to rule on the Defendant's Motion (Doc. 117) at this time, the Court **ORDERS** the Plaintiff to respond to the merits of the Defendant's Motion for Summary Judgment (Doc. 119) within **14 days** of the date of entry of this Order.

**SO ORDERED**, this the 20th day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT